# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO:_____

MONICA LORES RODRIGUEZ

    Plaintiff,

vs.

CAPITAL ONE BANK (USA), N.A.,
POLLACK & ROSEN, P.A.,
KEVIN SPINOZZA

    Defendants_____ /

## VERIFIED COMPLAINT

Plaintiff, Monica Lores Rodriguez sues Defendants, Capital One Bank (USA), N.A, Pollack & Rosen, P.A., and Kevin Spinozza, and for her Complaint alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692k and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559(Part VI).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692; and 28 U.S.C. §1331. The Court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the Plaintiff resides here and the Defendants conduct business in this District.

4. All conditions precedent to the bringing of this action have been performed.

Complaint for FDCPA and FCCPA violations      1

## PARTIES

5. The Plaintiff in this lawsuit is Monica Lores Rodriguez, a natural person, who resides in Broward County, Florida.

6. At all times relevant to this Complaint, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and Florida Statute §559.55(8).

7. Upon information and belief Defendant, Capital One Bank (USA) N.A. (Capital One) is a corporation with its principal place of business in Virginia and it conducts business in the State of Florida.

8. Upon information and belief Defendant, Pollack & Rosen, P.A. ("Defendant Law Firm") is a Florida Corporation and law firm engaged in the business of collecting debts and who's Registered Agent is: Neal Farr 806 Douglas Road South Tower Suite 200 Coral Gables, Florida 33134, and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and §559.55(7) of the FCCPA.

9. Upon information and belief Defendant, Kevin Spinozza, ESQ. is an attorney licensed to practice in Florida, is an employee of Pollack & Rosen, P.A. and was hired or directed to collect a debt through litigation from Plaintiff.

10. Kevin Spinozza regularly collects and/or attempts to collect defaulted consumer debts from individuals via litigation and is thus a debt collector as that term is defined at 15 U.S.C. §1692a(6) of the FDCPA and §559.55(7) of the FCCPA.

11. Collectively "Defendants".

12. **DEFENDANTS** regularly collects or attempts to collect debts from consumers.

13. At all times relevant to this Complaint, Defendants, were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

14. Any alleged debt herein is defined as a consumer debt under 15 U.S.C. §1692a(5) and §559.55(6) of the FCCPA.

15. The alleged debt is not in question here. Only the fact as to how it was not properly validated and the wrongful actions of the Defendants in their attempts to collect an alleged debt.

## FACTUAL ALLEGATIONS

16. On February 07, 2020, Plaintiff received a letter from the law firm of Pollack & Rosen, P.A. attempting to collect an alleged debt for Capital One Bank (USA) N.A.

17. Plaintiff did not recognize the account or the amount listed as allegedly owed.

18. On February 20, 2020, Plaintiff drafted and sent by certified mail a dispute and request for validation to the law firm pursuant to the FDCPA.

19. On March 05, 2020, Plaintiff received a response from the law firm in regards to her request for validation.

20. This response was inclusive of just a single page generic billing statement to which Plaintiff had never seen before.

21. This response did not provide any original account- level documentation to legitimize the alleged debt belonged to the Plaintiff.

22. On March 20, 2020, Plaintiff again drafted and sent by certified mail a request stating that what they had sent was incomplete and inconclusive to what was originally requested and to please provide what was originally requested.

23. On March 27, 2020, Defendants filed a lawsuit against Plaintiff in Small Claims Court for the alleged debt.

24. According to a CFPB consent order directed at two large debt collectors in 2015, they are prohibited from filling a lawsuit without an intent to prove the debt, if contested.

"Respondents are permanently restrained and prohibited from:

Initiating any Debt Collection Lawsuit unless in possession of the following:

   a. **Original Account-Level Documentation**

   b. A chronological listing of the names of all prior owners of the Debt and the date of each transfer of ownership of the Debt

   c. A certified or other properly authenticated copy of each bill of sale or other document evidencing the transfer of ownership of the Debt at the time of Charge off to each successive owner, including Respondent.

   d. Any one of the following:
      A document signed by the Consumer evidencing the opening of the account forming the basis for the Debt; or
      Original Account-Level Documentation reflecting a purchase, payment, or other actual use of account by the Consumer.

Engaging in any Legal Collection without providing the Consumer with certain information about the Debt, unless previously provided, including but not limited to, the following:

   e. a statement that the Consumer may request, in writing, copies of the documentation referenced in Paragraph 119 and Respondent or Respondent's agent will, within 30 days of such request, provide the documentation at no cost."[1]

25. Debt Collectors must offer to provide consumers with original documents relating to the account before they are allowed to file a lawsuit to collect the

---

[1] https://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf and https://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf

Complaint for FDCPA and FCCPA violations                                                                                      4

debt.[2]

25. On April 06, 2020, Plaintiff received a response from her second validation request. It was the same generic billing statement as the first request and nothing more.

26. On April 17, 2020, Plaintiff contacted Capital One by phone, based upon the statement the law firm provided, to inquire as to the status of the alleged debt. The agent informed Plaintiff that all inquires are to be directed to the law firm of Pollack & Rosen, P.A. which has led Plaintiff to believe Capital One is not the current creditor of the alleged account in which the Defendant's State lawsuit is based.

## COUNT 1

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS: POLLACK & ROSEN, P.A. AND KEVIN SPINOZZA

27. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

28. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

29. Defendants are debt collectors within the meaning of the FDCPA §1692a(6).

30. Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.

31. Defendants violated 15 U.S.C. §1692e(5) by threating to take an action that cannot be legally taken.

32. Defendants violated 15 U.S.C. §1692g(B) by failing to cease collection efforts after

---

[2] https://www.consumerfinance.gov/about-us/newsroom/cfpb-takes-action-against-the-two-largest-debt-buyers-for-using-deceptive-tactics-to-collect-bad-debts/

receiving consumers dispute and demand for validation, and failing to validate or verify the alleged debt while continuing collection efforts.

**WHEREFORE.** Plaintiff demands judgment against Defendants: Pollack & Rosen, P.A. and Kevin Spinozza for:

(A) Statutory damages of $1,000 per Defendant payable by Defendants pursuant to 15 U.S.C. §1692k;

(B) Fees and costs and other relief as may be just and proper pursuant to 15 U.S.C. §1692k.

## COUNT II

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. §559(PART VI) BY DEFENDANTS CAPITAL ONE BANK (USA) N.A. AND POLLACK & ROSEN, P.A.

33. Paragraphs 1 through 26 are re-alleged as though fully set forth herein.

34. Plaintiff is a consumer as defined in Florida Statute §559.55(8).

35. Defendants are debt collectors as defined by Florida Statute §559.55(7).

36. Defendants violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows the right does not exist.

**WHEREFORE,** Plaintiff demands judgment against Defendants: Capital One Bank (USA) N.A. and Pollack & Rosen, P.A. for:

A. Statutory damages of $1,000 per Defendant payable by Defendants pursuant to Florida Statute §559.77.

B. Fees and costs and other relief as may be just and proper pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: May 8, 2020

Respectfully submitted

*/s/ Monica Lores*

Monica Lores-Rodriguez
2238 N Cypress Bend Dr #605
Pompano Beach, Fl 33069
561-455-6275
moniklores777@gmail.com

## VERIFICATION

I, Monica Lores Rodriguez, am the Plaintiff in this lawsuit. I have reviewed the allegations in the Verified Complaint and swear that the allegations are made upon my personal knowledge. I further swear that I am competent to testify as to all averments of the Verified Complaint because I have first hand knowledge as to the facts in this case.

_____
Monica Lores Rodriguez

STATE OF FLORIDA

COUNTY OF BROWARD

Sworn to before me and subscribed in my presence this 8 day of May 2020.

_____
Notary

SUSANA A TABOADA
Notary Public - State of Florida
Commission # GG 244548
My Comm. Expires Sep 26, 2022
Bonded through National Notary Assn.